21 N.J. Super. 367 (1952)
91 A.2d 226
MARCELLA BRAVERMAN, PLAINTIFF,
v.
MORRIS BRAVERMAN, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided September 17, 1952.
*368 Mr. Robert N. Kronman, attorney for plaintiff.
Messrs. Heller & Laiks, (Mr. Aaron Heller, appearing), attorneys for defendant.
Mr. Harry Krieger, attorney for Milton H. Albert and Abram J. Precker,
HEGERTY, A.M.
In the above action for separate maintenance, plaintiff has served subpoenas ad testificandum and subpoenas duces tecum upon Milton H. Albert, a certified public accountant, and upon Abram J. Precker, a real estate expert and attorney. It appears from an earlier affidavit of plaintiff that the services of Messrs. Albert and Precker were retained for her by plaintiff's former attorneys to develop evidence relating to defendant's property, real and personal, and to determine the nature and extent of his holdings, and thus establish the amount of his capital assets, his annual income, and other relevant factors.
Albert and Precker have moved to quash the subpoenas on the ground that they will be required to give expert testimony without the payment of compensation already due them.
It is stated in Stanton v. Rushmore, 112 N.J.L. 115 (E. & A. 1934) and appears to be the holding of Hull v. Plume, 131 N.J.L. 511 (E. & A. 1944), that one may not be compelled to give expert testimony unless he shall have voluntarily contracted so to do. These cases also make clear, however, that any one may be compelled to testify as to facts no matter how his knowledge of them was obtained.
I do not think it proper, prior to trial, to determine what kind of testimony plaintiff may seek to elicit from Albert and Precker, and any ruling as to whether, or to what extent, they should be compelled to testify should be reserved *369 until then. It must be borne in mind that in support of plaintiff's motion pendente lite for support and maintenance and allowances, Albert and Precker each filed affidavit detailing information in their respective fields, concerning the nature and extent of the estate of the defendant. The affidavits were to serve as a guide and help to the court in determining the amount of money that should be paid to the plaintiff. However, the plaintiff, at the same time, sought allowances to provide funds with which to pay Albert and Precker for their services. The bills of Albert and Precker for $150 and $800, respectively, are now before the court, but no determination has been made thereon. I find and conclude that the application to quash the subpoenas shall be denied without prejudice to any objection at trial.
It may be noted that an action at law against plaintiff is open to Messrs. Albert and Precker for any debt she may owe them. Presumably of relevance in such an action would be the performance by Messrs. Albert and Precker of their part of the bargain, including the giving of testimony if that, indeed, was a term of the contract. Otherwise, it would seem, the employment of Messrs. Albert and Precker was unnecessary, unless it comprehended their appearance at trial to give testimony in support of the factual findings set forth in their affidavits.
The form of order denying the application to quash the subpoenas ad testificandum and subpoenas duces tecum shall contain a provision that both men present themselves in obedience to said subpoenas at the Administration Building, 63 Hamilton Street, Paterson, New Jersey, on December 15, 1952-December 16, 1952, at 11:00 A.M.